```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


RANDALL SAUNDERS,               :
      Plaintiff,                :
                                :              PRISONER
      v.                        :   CASE NO. 3:12-cv-581 (WWE)
                                :
BLAIR VINTON, et al.,           :
      Defendants.               :
```

                           INITIAL REVIEW ORDER

   The plaintiff, currently incarcerated at the Enfield Correctional Institution in Enfield, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000).  The plaintiff names as defendants Blair Vinton, Neva Lloyd, Hector Rodriguez and three John Does.

   Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id*.

   In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that after he was allowed to proceed pro se in a state habeas appeal, the defendants conspired to withhold the only copy of the court file. When the documents were finally delivered to the plaintiff, he noticed that the box, clearly marked as legal mail, had been opened, the documents had been searched and evidence was missing. The plaintiff was ordered to relinquish his legal files and work product. When he requested access to the files, he was told that no one had a key.

Before he was transferred to Enfield Correctional Institution, the plaintiff had been told to send his legal files home. If he needed any of the files, his contact could mail the documents identified as legal correspondence and the documents would be treated as priority mail and opened only in his presence. Although the plaintiff followed these instructions,

2

the defendants repeatedly opened the plaintiff's legal correspondence outside his presence and delayed delivery of the documents.

The court concludes, at this time, that the complaint should be served on defendants Vinton, Lloyd and Rivera.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) **The Pro Se Prisoner Litigation Office shall** verify the current work addresses of each defendant, Vinton, Lloyd and Rivera, with the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to each defendant at the confirmed addresses within **fourteen (14) days** of this Order. The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the

U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint with all exhibits on defendants Vinton, Lloyd and Rivera in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT  06141, within **fourteen (14) days** from the date of this order and to file returns of service within twenty (20) days from the date of this order.

 (3)  **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

 (4)  **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

 (5)  **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

 (6)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(7)   All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)   Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)   The court cannot effect service on the John Doe defendants without their full names and current work addresses.  The plaintiff is directed to file an amended complaint containing this information.  The plaintiff shall file the amended complaint within **twenty (20) days** from the date of this order.  Failure to comply with this order may result in the dismissal of all claims against defendants Doe without further notice from the court.

**SO ORDERED** this 9th day of May 2012, at Bridgeport, Connecticut.

                                                      /s/
                                        Warren W. Eginton
                                        Senior United States District Judge